1
2
3
4
5
6
7
8

The Honorable Ronald B. Leighton

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

9
10
11
12
13
14

In re:

FRASER'S BOILER SERVICE, INC.

Debtor.

Appeal No. 18-T007
Appeal No. 18-T008

(Consolidated)
Case No. 3:18-cv-05638 BHS

Case No. 3:18-cv-05637-RBL (Lead Case)

15
16
17

In re:

FRASER'S BOILER SERVICE, INC.

Debtor.

18

## APPELLANTS' REPLY BRIEF

19

(Oral argument requested)

20
21
22
23
24
25
26

APPELLANTS' REPLY BRIEF
Case Nos. 3:18-cv-05637-RBL

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001

DM1\9203388.2
DM1\9211650.2

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   RESPONSES TO APPELLEE'S OBJECTIONS ............................................... 1

    A.    Appellee's Jurisdictional Argument Fails to Address How the Inter-Insurer Claims "Arise In" or "Arise Under" the Bankruptcy Code, or are "Related To" the Bankruptcy Case. ........................................................................ 1

    B.    The Inter-Insurer Claims Are Not Interests in the Property of Debtor's Estate. ........................................................................................................ 5

    C.    Appellee Is Not Entitled to Rely on the Bankruptcy Court's Good Faith Findings with Respect to the Injunction of the Inter-Insurer Claims. ................. 6

        1.   Appellee's Discussion of PWIC is Irrelevant................................. 6

        2.   The Protection Afforded by a Sale's Good Faith Findings Extends only to the Sale Itself, Not to Free and Clear Findings or Section 105 Injunctions. ................................................................... 7

        3.   Appellee Failed to Show that the Clear Error Standard Applies to the Bankruptcy Court's Good Faith Finding........................................ 8

        4.   In the Alternative, the Bankruptcy Court Committed Clear Error by Making a Good Faith Finding. ...................................................... 9

    D.    Appellee Waived the Question of Whether Trusts for Asbestos-Related Claims Can Only Be Established Under Section 524(G). ...................................... 10

    E.    Appellants Asserted their Breach of Contract Claims on the Record at the Bankruptcy Court Hearing. ........................................................................ 11

    F.    Appellee Mischaracterizes the Breach of Contract Claims under the CSA. ........... 11

        1.   The Settling Insurers Breached the CSA by Entering into the Settlements ................................................................................. 11

        2.   The Breach of Contract Claims Are Distinct from the Contribution Claims, are Not Derivative, and Cannot be Enjoined. ............................... 13

    G.    Appellants Are Not Adequately Protected by the Settlement Agreements, the Sales Orders, or Otherwise. ................................................................. 13

    H.    The Case Law Cited By Appellee Supporting a Sale Free and Clear And Equitable Injunction Outside of Bankruptcy is Inapplicable Under These Facts. ......................................................................................................... 15

DM1\9203388.2

APPELLANTS' REPLY BRIEF – Page i
Case Nos. 3:18-cv-05637-RBL

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001

DM1\9211650.2

I.    Appellee's Arguments Supporting the Injunction Are Incorrect and Based on Inapposite Case Law. ................................................................................ 17

J.    Appellee's Analysis of *American Hardwoods* And *Lowenschuss* Is Incorrect. ................................................................................................... 19

III.   CONCLUSION ......................................................................................... 20

DM1\9203388.2

APPELLANTS' REPLY BRIEF – Page ii
Case Nos. 3:18-cv-05637-RBL

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001

DM1\9211650.2

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

**Federal Cases**

*In re 240 N. Brand Partners, Ltd.*, 200 B.R. 653 (B.A.P. 9th Cir. 1996) ........................9

*In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986) .......................9

*In re Am. Hardwoods, Inc.*, 885 F.2d 621 (9th Cir. 1989) ........................................4-5

*In re Anastas*, 94 F.3d 1280 (9th Cir. 1996) ...........................................................8

*Blixseth v. Yellowstone Mt. Club, LLC*, 742 F.3d 1215 (9th Cir. 2014) ..........................19

*In re Burns & Roe Enters., Inc.*, No. 00-41610RG (Bankr. D. N.J. Feb. 17, 2005),
    ECF. No. 1200........................................................................................18-19

*Canal Indem. Co. v. Global Dev., LLC*, No. 2–14–CV–00823–RSM, 2015 WL
    347753 (W.D. Wash. Jan. 26, 2015) ......................................................15-16

*In re Charlton*, 708 F.2d 1449 (9th Cir. 1983)........................................................7

*In re City of San Bernardino, California*, 566 B.R. 46 (Bankr. C.D. Cal. 2017) ...........17

*Clem v. Lomeli*, 566 F.3d 1177 (9th Cir. 2009) .....................................................5

*In re Combustion Eng'g, Inc.*, 391 F.3d 190 (3d Cir. 2004) .....................................4

*In re Contractors Equip. Supply Co.*, 861 F.2d 241 (9th Cir. 1988)...........................8

*In re Cooper*, No. 17 CIV. 6848 (KPF), 2018 WL 4565150 (S.D.N.Y. Sept. 24,
    2018)........................................................................................................8

*Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973 (2017) ......................................11

*In re Dow Corning Corp.*, 198 B.R. 214 (Bankr. E.D. Mich. 1996)..............................17

*In re Ewell*, 958 F.2d 276 (9th Cir. 1992) ...........................................................9

*Exec. Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014)............................1, 3

*In re Fearing*, 143 F. App'x 744 (9th Cir. 2005) (unpublished disposition) ....................9

*Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746 (5th Cir. 1995).............................4

*In re Fietz*, 852 F.2d 455 (9th Cir. 1988) ............................................................3

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001

*Fireman's Fund Ins. Co. v. Plant Insulation Co. (In re Plant Insulation Co.)*, 734
F.3d 900 (9th Cir. 2013) ........................................................................................17

*Folger Adam Sec., Inc. v. DeMatteis/MacGregor JV*, 209 F.3d 252 (3d Cir. 2000) .......................6

*Franklin v. Kaypro Corp.*, 884 F.2d 1222 (9th Cir. 1989) ...........................................14-17

*In re Fridman*, No. BAP CC-15-1151-FKIKU, 2016 WL 3961303 (B.A.P. 9th Cir.
July 15, 2016) ........................................................................................................7

*In re Gallucci*, 931 F.2d 738 (11th Cir. 1991) ..........................................................4

*In re Gerwer*, 898 F.2d 730 (9th Cir. 1990) ...........................................................14

*Gillman v. Continental Airlines (In re Continental Airlines)*, 203 F.3d 203 (3d Cir.
2000).....................................................................................................................19

*Greenwood v. F.A.A.*, 28 F.3d 971 (9th Cir. 1994) ....................................................5

*Hedlund v. Educ. Res. Inst. Inc.*, 718 F.3d 848 (9th Cir. 2013) ...................................8

*Homestead Holdings, Inc. v. Broome & Wellington (In re PTI Holding Corp.)*, 346
B.R. 820 (Bankr. D. Nev. 2006)............................................................................17

*John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070 (3d Cir. 1997)...............10

*King Cnty. v. Travelers Indem. Co.*, No. 14-CV-1957 BJR, 2018 WL 1792189
(W.D. Wash. Apr. 16, 2018) ...........................................................................15-16

*In re M Capital Corp.*, 290 B.R. 743 (B.A.P. 9th Cir. 2003)........................................9

*Meritage Homes of Nev., Inc. v. JPMorgan Chase Bank, N.A. (In re South Edge
LLC)*, 478 B.R. 403 (D. Nev. 2012) ......................................................................17

*In re Millennium Lab Holdings II, LLC*, 242 F. Supp. 3d 322 (D. Del. 2017) ................4

*Nat'l Fire Ins. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 393 F.
App'x 467 (9th Cir. 2010)......................................................................................18

*In re Nat'l Heritage Found., Inc.*, 478 B.R. 216 (Bankr. E.D. Va. 2012) .................19-20

*In re Plant Insulation Co.*, No. 09-31347, 2014 WL 3881427 (Bankr. N.D. Cal.
June 27, 2014) ........................................................................................6, 17-18, 20

*In re PW, LLC*, 391 B.R. 25 (B.A.P. 9th Cir. 2008) ....................................................7

*In re Ray*, 624 F.3d 1124 (9th Cir. 2010)..................................................................1

DM1\9203388.2
APPELLANTS' REPLY BRIEF – Page iv
Case No.  3:18-cv-05637-RBL

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001

DM1\9211650.2

*Recycle for Change v. City of Oakland*, 856 F.3d 666 (9th Cir.) .......................................................10

*In re Roman Catholic Bishop of Stockton*, No. 14-20371, 2017 Bankr. LEXIS 102
    (Bankr. E.D. Cal. Jan. 10, 2017) ...........................................................17

*In re SportStuff, Inc.*, 430 B.R. 170 (B.A.P. 8th Cir. 2010) ...........................................................3

*Steel Workers Pension Tr. v. Citigroup, Inc.*, 295 B.R. 747 (E.D. Pa. 2003) ...................................3

*Sumpter v. Yellowstone Mt. Club, LLC*, 584 F. App'x 676 (9th Cir. 2014)...................................19

*In re Sunland, Inc.*, No. 13-13301-tr7, 2014 WL 7011747 (Bankr. D. N.M. Dec. 11,
    2014)...........................................................17

*In re Thorpe Insulation Co.*, No. 07-19271 (Bankr. C.D. Cal. Nov. 25, 2008),
    *appeal dismissed*, 2010 WL 3199821 (9th Cir. Mar. 5, 2010)..........................................6, 18, 20

*In re United Gilsonite Labs.*, No. 5:11-bk-02032-RNO, 2014 WL 7778849 (Bankr.
    M.D. Pa. Dec. 8, 2014)...........................................................18

*United States v. Silverman*, 861 F.2d 571 (9th Cir. 1988) ...........................................................8

*Matter of Walker*, 51 F.3d 562 (5th Cir. 1995) ...........................................................3

*Willemain v. Kivitz*, 764 F.2d 1019 (4th Cir. 1985) ...........................................................9

**State Cases**

*Fireman's Fund Ins. Co. v. Md. Cas. Co.*, 65 Cal. App. 4th 1279 (Cal. Ct. App.
    1998)...........................................................2

*Polygon Nw. Co. v. Am. Nat. Fire Ins. Co.*, 143 Wash. App. 753 (2008)...........................................2

*Truck Ins. Exch. v. Amoco Corp.*, 35 Cal. App. 4th 814 (Cal. Ct. App. 1995) ...................................3

**Federal Statutes**

U.S.C. § 363(b) ...........................................................7

U.S.C. § 363(c) ...........................................................7

U.S.C. § 363(f) ...........................................................5-7, 11

U.S.C. § 363(m) ...........................................................7-8

11 U.S.C. § 105 ...........................................................*Passim*

DM1\9203388.2
APPELLANTS' REPLY BRIEF – Page v
Case No.  3:18-cv-05637-RBL

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001

DM1\9211650.2

11 U.S.C. § 105(a) ............................................................................................. 4-5, 7, 10

11 U.S.C. § 363 ..........................................................................................................4

11 U.S.C. § 363(e) ................................................................................................ 13-14

11 U.S.C. § 524(e) .....................................................................................................5

11 U.S.C. § 524(g). ...............................................................................................10, 18

11 U.S.C. § 542 ..........................................................................................................4

28 U.S.C. § 157(b)(2) ..................................................................................................1

28 U.S.C. § 1334 .................................................................................................... 2-4

28 U.S.C. § 1334(b) ....................................................................................................1

**Rules**

Federal Rule of Bankruptcy Procedure 9019 ................................................................8

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001

## I.   INTRODUCTION

Appellants hereby submit this reply in response to the Appellee's Brief.  For the reasons set forth herein and in Appellant's Opening Brief, Appellants respectfully submit that the Court should reject the objections in the Appellee's Brief.

## II.   RESPONSES TO APPELLEE'S OBJECTIONS

### A.   Appellee's Jurisdictional Argument Fails to Address How the Inter-Insurer Claims "Arise In" or "Arise Under" the Bankruptcy Code, or are "Related To" the Bankruptcy Case.

The Bankruptcy Court had no jurisdiction to enjoin Appellants from pursuing the Inter-Insurer Claims.[1]  With minimal analysis, Appellee disagrees.  Appellee contends that the Inter-Insurer Claims "clearly" fell within the Bankruptcy Court's core jurisdiction.  Appellee Br. 30:2. Appellee also argues, without applying the facts to the law, that if the Bankruptcy Court did not have core jurisdiction, it at "a minimum" had non-core jurisdiction.  Appellee Br. 23:7.

Only matters "arising in" or "arising under" the Bankruptcy Code fall within a bankruptcy court's core jurisdiction.  28 U.S.C. § 1334(b).  A matter "arises in" a bankruptcy case "if it is an administrative matter unique to the bankruptcy process that has no independent existence outside of bankruptcy and could not be brought in another forum, but whose cause of action is not expressly rooted in the Bankruptcy Code."  *In re Ray*, 624 F.3d 1124, 1131 (9th Cir. 2010).  A matter "arises under" the Bankruptcy Code "if its existence depends on a substantive provision of bankruptcy law, *i.e.*, if it involves a cause of action created or determined by a statutory provision of the Bankruptcy Code."  *Id.*  Title 28 offers a non-exhaustive list of core matters.  28 U.S.C. § 157(b)(2).  Bankruptcy courts may enter final judgments only on claims that fall under its core jurisdiction.  *Exec. Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2172 (2014).

---

[1]   Unless indicated otherwise, capitalized terms shall have the meanings ascribed to them in Appellants' Opening Brief (Docket No. 28).

DM1\9203388.2
APPELLANTS' REPLY BRIEF – Page 1
Case No. 3:18-cv-05637-RBL

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001

DM1\9211650.2

The Inter-Insurer Claims are not unique to the bankruptcy process.  Appellants were able to enforce the Inter-Insurer Claims in state court against the Non-Settling Insurers pre-petition.  Thus, the Inter-Insurer Claims do not arise in the bankruptcy case.  Nor do they arise under the Bankruptcy Code.  Rather than depending on a specific bankruptcy law, they exist under state and contract law.  *See Polygon Nw. Co. v. Am. Nat. Fire Ins. Co.*, 143 Wash. App. 753, 794 (2008) ("The 'right of equitable contribution belongs to each insurer individually.'") (quoting *Fireman's Fund Ins. Co. v. Md. Cas. Co.*, 65 Cal. App. 4th 1279, 1294 (Cal. Ct. App. 1998)).  Therefore, the Bankruptcy Court had no core jurisdiction over the Inter-Insurer Claims.

Appellee's argument relies on conflating the insurance policies and the Inter-Insurer Claims, dismissively referring to the Inter-Insurer Claims as "derivative claims".  *See* Appellee Br. 29:10.  Whether a claim is "derivative" does not determine jurisdiction.  *See* 28 U.S.C. § 1334. Further, the Inter-Insurer Claims are not "derivative claims".  *See* Appellants' Opening Br. VI.A.5.  Appellants' rights under the CSA arise under the CSA, a contract separate from the insurance policies.  While the CSA mentions the insurance policies, Appellants' legal rights and obligations to each other with respect the defense and indemnification of Frasers are set forth within the CSA document – a contract in and of itself.   In suing the Settling Insurers, Appellants exercise their own rights, not the Debtor's.   Separately, the Appellants also have rights to equitable contribution from the Settling Insurers.    Appellants' equitable contribution claims are "the right to recover, not from the party primarily liable for the loss, but from a co-obligor who shares such liability with the party seeking contribution." *Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 65 Cal. App. 4th 1279, 1292 (Cal. Ct. App. 1998).   As a matter of Washington law, these claims belong to the Appellants - not the Debtor: "each insurer has independent standing to assert a cause of action against its coinsurers" for contribution. *Id.* Such claims can clearly arise outside of a bankruptcy case, and do not arise under the Bankruptcy Code.  They cannot be within the Bankruptcy Court's core jurisdiction.

DM1\9203388.2
APPELLANTS' REPLY BRIEF – Page 2
Case No. 3:18-cv-05637-RBL

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001

DM1\9211650.2

The Inter-Insurer Claims also do not fall within the Bankruptcy Court's non-core jurisdiction.  Absent consent, bankruptcy courts cannot enter final judgments where they exercise only non-core jurisdiction.  *Exec. Benefits Ins. Agency*, 134 S. Ct. at 2172.  Bankruptcy courts have non-core jurisdiction over proceedings "related to cases under title 11."  28 U.S.C. § 1334.  A proceeding is "related to" a bankruptcy case only where the outcome of the proceedings could affect a "debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984).  Claims between non-debtor third parties do not fall within either the bankruptcy court's core or non-core jurisdiction.  *In re SportStuff, Inc.*, 430 B.R. 170, 179 (B.A.P. 8th Cir. 2010) (deciding that a bankruptcy court did "not have the jurisdiction or authority to impair or extinguish" the independent contractual rights of additional insureds when it approved a settlement agreement between the debtor and certain insurers); *see also Matter of Walker*, 51 F.3d 562, 569 (5th Cir. 1995); *Steel Workers Pension Tr. v. Citigroup, Inc.*, 295 B.R. 747, 753 (E.D. Pa. 2003) (determining that there was no "related to" jurisdiction where the resolution of the lawsuit "will not increase or decrease" the size of the estate).  Contrary to Appellee's assertion, the Inter-Insurer Claims can neither increase nor decrease the size of the Debtor's estate.  *See* Appellants' Opening Br. VI.A.2.

Unsurprisingly, Appellee offers merely an unsupported and conclusory argument, failing to explain how the outcome of the Inter-Insurer Claims could conceivably affect the Debtor. Contribution claims have no effect on the insured, and thus the outcome of such an action could not conceivably affect the Debtor.  *See, e.g., Truck Ins. Exch. v. Amoco Corp.*, 35 Cal. App. 4th 814, 828 (Cal. Ct. App. 1995) ("Contribution claims are matters solely between insurers.").  Thus, there is no "related to" jurisdiction.[2]

---

[2]    The argument that the payment of a contribution claim would erode an insurer's policy limits it particularly misleading, because it fails to admit that the policy limits of the insurer receiving the payment would increase by the same amount, leaving the insured entirely unaffected.

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001

In addition, Appellee's jurisdictional argument conflates the Bankruptcy Court's core jurisdiction to enter orders under Sections 105 and 363 with its authority to adjudicate the Inter-Insurer Claims. While the Bankruptcy Court has jurisdiction to enter orders for the sale of estate property under Section 363, it cannot create jurisdiction over the Inter-Insurer Claims by merely including it in a sale order. *See, e.g., Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 755 (5th Cir. 1995) ("[A] bankruptcy court may potentially include an injunction as part of a settlement *only once jurisdiction is established*.") (emphasis added) (citation and internal quotation marks omitted); *c.f. In re Gallucci*, 931 F.2d 738, 742 (11th Cir. 1991) (finding that a bankruptcy court does not have jurisdiction of a turnover proceeding under 11 U.S.C. § 542 where the property itself is not subject to the court's jurisdiction); *see also In re Millennium Lab Holdings II, LLC*, 242 F. Supp. 3d 322, 327 (D. Del. 2017) ("courts have repeatedly rejected this type of jurisdictional and adjudicatory bootstrapping."). Nor does Section 105(a) "provide an independent source of federal subject matter jurisdiction." *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 225 (3d Cir. 2004). Thus, without jurisdiction over the Inter-Insurer Claims, the Bankruptcy Court could not enjoin them by Section 105, 363, or otherwise.

Finally, *American Hardwoods* does not support Appellee's position. Appellee notes that the Ninth Circuit held that 28 U.S.C. § 1334 may bestow bankruptcy jurisdiction to enjoin a creditor, Deutsche, from satisfying its judgment against the corporate debtor's stock. *In re Am. Hardwoods, Inc.*, 885 F.2d 621, 624 (9th Cir. 1989). The Ninth Circuit reasoned that once Deutsche executed on the corporation's stock (apparently owned entirely by the debtor's principals), the principals would have no incentive to operate the debtor, and thereby such an injunction could conceivably affect the estate. *Id.* at 625. Thus, in *American Hardwoods*, the Ninth Circuit simply applied the test for "related to" jurisdiction to determine if the action had a conceivable effect on the estate.

In contrast, the Inter-Insurer Claims do not involve the Debtor's stock or affect its principal's equity interests. They are claims exclusively between insurers with no collateral effect

DM1\9203388.2

APPELLANTS' REPLY BRIEF – Page 4
Case No. 3:18-cv-05637-RBL

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001

DM1\9211650.2

on the Debtor or its principal.  Thus, the outcome of such a suit would have no conceivable effect on the estate, and so there is no "related to" jurisdiction.  Moreover, the Ninth Circuit determined that Section 105(a) could not be used to issue such a broad injunction because it violates Section 524(e)'s prohibition against third party discharges.  *Id.* at 626; Appellants' Opening Br., VI.A.4. While Appellee attempts, incorrectly, to use *American Hardwoods* to support its jurisdictional argument, it is also fatal to its ultimate relief.

Moreover, Appellee has waived its argument for non-core jurisdiction by making only a cursory reference to it, without applying the facts of this case to the law.  *See Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009) (holding that an appellee who did not address an argument in the answering brief had waived that issue); *see also Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("a bare assertion does not preserve a claim").

Since the Bankruptcy Court had neither "arising under", "arising in", or "related to" jurisdiction over the Inter-Insurer Claims, it had no jurisdiction to enjoin them.

**B.**  **The Inter-Insurer Claims Are Not Interests in the Property of Debtor's Estate.**

For similar reasons, the Inter-Insurer Claims are not interests in the Debtor's property that may be subject to a sale under Section 363(f).[3]  Under one of five enumerated situations, the Bankruptcy Court may authorize a debtor to sell estate property "free and clear" of "any interest in

---

[3]      It is not clear whether the Bankruptcy Court ruled that it considered the Inter-Insurer Claims to be "interests" in the Repurchased Policies.  *See* Appellant's Opening Br. VI.C.3.a.  However, it could not have issued an order approving a sale free and clear of the Inter-Insurer Claims without such a finding.  The Sales Orders rely on Sections 105(a) and 363(f) to transfer the insurance policies free and clear of all "claims", rather than "interests", including "any and all claims against the Insurers for contribution[.]"  *See id.*  The Bankruptcy Court's memorandum decision offers no further clarity.  The Bankruptcy Court uses the term "interest" in the same paragraph to mean both the term of art found in Section 363(f) and to refer to the Inter-Insurer Claims.  *Contrast* Dkt. 284 10:7-8 *with* 10:11-12.  The Bankruptcy Court then determines that the "contribution claims are interests in the policies", but relies on (flawed) jurisdictional, rather than Section 363(f), analysis to reach this result.  Dkt. 284 10:10-14.  Adding to this confusion, the Bankruptcy Court sidesteps the issue of whether Appellants' rights under the CSA constitute interests in the insurance policies, ruling only that they "may not act as a bar to Fraser's right to settle its coverage claims."  Dkt. 284 10:19-20.  At the hearing on July 19, 2018, the Bankruptcy Court again noted the limited connection between the Debtor and the CSA.  After being asked, "[j]ust by way of clarification, the issues and the case involve primarily the breach of contract claim under the cost-sharing agreement, which, based on how I read your opinion, doesn't involve the debtor and is solely between the insurers in this case", the Bankruptcy Court replied only, "But might be enjoined by the order."  The Bankruptcy Court failed to explain the reasoning behind this reply.

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001

such property".  11 U.S.C. § 363(f).  To be an interest, the obligation must, at minimum, "flow from ownership of the property." *Folger Adam Sec., Inc. v. DeMatteis/MacGregor JV*, 209 F.3d 252, 258 (3d Cir. 2000) (determining that the right of recoupment is not an interest in property).

The Inter-Insurer Claims do not flow from the Debtor's ownership of the insurance policies.  Rather, they are the insurer's independent property rights against other insurers, distinct from the underlying insurance policies.  *See* Appellant's Opening Br. VI.C.3.a.  Nor are they a claim against the estate; recovery is limited to non-debtor insurers.  Thus, the Inter-Insurer Claims are not interests in the insurance policies, and the Sales Order could not extinguish them under Section 363(f).  *See In re Plant Insulation Co.*, No. 09-31347, 2014 WL 3881427, at *3 (Bankr. N.D. Cal. June 27, 2014) ("*Plant*") (noting that contribution claims between insurers are not "interests" in property.); *cf. In re Thorpe Insulation Co.*, No. 07-19271 (Bankr. C.D. Cal. Nov. 25, 2008) (approving settlement involving buy-back of insurance policies pursuant to section 363 of Bankruptcy Code, but excluding contribution claims by non-settling insurers from the effect of 363(f)), *appeal dismissed*, 2010 WL 3199821 (9th Cir. Mar. 5, 2010) ("*Thorpe*").

Appellee fails to cite any legal argument to the contrary.  Rather, Appellee emphasizes the undisputed point that the insurance policies are property of the estate.  Appellee's Br. 12:13-18.  From there, Appellee jumps to the unsupported conclusion that the Inter-Insurer Claims are "in effect" an exercise of the "*Debtor's* rights under the insurance policies to distribute an obligation shared by several insurers."  Appellee's Br. 13:3-4 (emphasis added).  Appellee never explains how Appellants' rights arising under state law and contracts "in effect" belongs to it.

**C.**     **Appellee Is Not Entitled to Rely on the Bankruptcy Court's Good Faith Findings with Respect to the Injunction of the Inter-Insurer Claims.**

**1.**     **Appellee's Discussion of PWIC is Irrelevant.**

Appellee attempts to distract the Court by engaging in a discussion of the Bankruptcy Court's reliance on the status of litigation involving a different insurer, PWIC, not present here as either an Appellant, Appellee or a Settling Insurer, to show that the Settlements were made

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001

good faith.  Appellee Br. 24:11-14.  In doing so, Appellee attempts to impose a burden on Appellants to "point to any evidence in the record to upset the Court's findings".  Appellee Br. 24:23-24.

By the appeal, Appellants do not dispute the Bankruptcy Court's findings regarding the status of the PWIC litigation.  Rather, Appellants dispute the Bankruptcy Court's jurisdiction and legal authority to enjoin the Inter-Insurer Claims (which have nothing to do with the Debtor or the PWIC litigation), and its failure to consider evidence establishing that the Settlements were not made in good faith.  Appellee's contentions about the PWIC litigation are irrelevant.

### 2.  The Protection Afforded by a Sale's Good Faith Findings Extends only to the Sale Itself, Not to Free and Clear Findings or Section 105 Injunctions.

Appellee argues that the Settlements were in good faith.  Appellee Br. 30:24-25.  An implication of a good faith finding is that the sale is protected by Section 363(m).  Under Section 363(m), the "sale of property of the estate to a good-faith purchaser will not be affected unless a stay of the order of sale was obtained."  *In re Charlton*, 708 F.2d 1449, 1454 (9th Cir. 1983).  Thus, Appellee sought such a finding to provide support for its contention that the appeal is moot.  However, Section 363(m) preserves only challenges to the validity of sales authorized under Section 363(b) or (c).[4]

By contrast, the Sales Orders comprise multiple components, ordered under multiple statutes and subsections beyond Sections 363(b) and (c).  These include the order that the sales are free and clear of all liens and interests under Section 363(f), Dkt. 300 6:1-10, Dkt. 301 5:23-6:7, and the injunction of the Inter-Insurer Claims under Section 105(a).  Dkt. 300 6:17-7:6, Dkt. 301 6:14-7:3.  Section 363(m) does not apply to the relief issued by the Bankruptcy Court under Sections 105(a) or 363(f).  *See In re PW, LLC*, 391 B.R. 25, 36 (B.A.P. 9th Cir. 2008); *c.f. In re*

---

[4]   Those subsections allow a debtor-in-possession to sell property of the bankruptcy estate inside and outside of the ordinary course of business.  11 U.S.C. § 363(b)-(c).

DM1\9203388.2
APPELLANTS' REPLY BRIEF – Page 7
Case No. 3:18-cv-05637-RBL

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001

DM1\9211650.2

*Fridman*, No. BAP CC-15-1151-FKIKU, 2016 WL 3961303, at 51 (B.A.P. 9th Cir. July 15, 2016) (finding that Section 363(m) did not apply to "hybrid" settlement and sale motion because Section 363(m) moots only appeals of sales under 363(b), not settlements under Federal Rule of Bankruptcy Procedure 9019).  Thus, Section 363(m) does not protect the relief from which appeal is sought.

### 3.    Appellee Failed to Show that the Clear Error Standard Applies to the Bankruptcy Court's Good Faith Finding.

The Bankruptcy Court's failure to conduct a proper good faith analysis is subject to review *de novo*, not for clear error.  Appellee incorrectly submits that the Court should review the Sales Orders for clear error.  Appellee Br. 3:23-25.  Findings of fact are reviewed for clear error.  *In re Contractors Equip. Supply Co.*, 861 F.2d 241, 243 (9th Cir. 1988).

However, whether the Bankruptcy Court applied the correct legal standard is a legal issue reviewed *de novo*.  *In re Anastas*, 94 F.3d 1280, 1283 (9th Cir. 1996).  Courts reviewing an issue *de novo* do not defer to the "lower court's ruling but freely consider the matter anew, as if no decision had been rendered below."  *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988).  Failing to conduct a good faith analysis properly is an error of law reviewed *de novo*.  *Hedlund v. Educ. Res. Inst. Inc.*, 718 F.3d 848, 854 (9th Cir. 2013); *see also In re Cooper*, No. 17 CIV. 6848 (KPF), 2018 WL 4565150, at 8 (S.D.N.Y. Sept. 24, 2018) ("For the question of law — whether the Bankruptcy Court applied the correct legal standard in conducting the "good faith" analysis — this Court conducts a *de novo* review.").

Notwithstanding Appellants' contentions that the Settlements improperly impaired their rights,[5] the Bankruptcy Court did not take evidence to consider the allegations.  Instead, and without evidence, other than a conclusory statement from Appellee's counsel that the negotiation was in good faith without any supporting detail, the Bankruptcy Court made a bare finding of good faith by noting that the "proposed sale was negotiated in good faith at arms-length by

---

[5]      Dkt. 134 19:3-19.

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001

sophisticated counsel."  Dkt. 284 9:17-18; *see also* Dkts. 300 4:4-11, 301 4:2-9.  The Bankruptcy Court could not presume good faith without first holding an evidentiary hearing.  *See* Appellant's Opening Br. VI.D.; *In re M Capital Corp.*, 290 B.R. 743, 748 (B.A.P. 9th Cir. 2003) ("It would be error to presume good faith from any lack" of evidence).  This procedural failure is a matter of law, afforded no deference.  It is not reviewed for clear error.

### 4.  In the Alternative, the Bankruptcy Court Committed Clear Error by Making a Good Faith Finding.

Although Appellants' challenge to the Sales Orders are legal, the Bankruptcy Court committed clear error in finding that the Settlements were in good faith.  A good faith finding requires the purchaser to provide value and act without fraud, collusion, or an attempt to take grossly unfair advantage of others.  *In re Ewell*, 958 F.2d 276, 281 (9th Cir. 1992).

The Bankruptcy Court failed to conduct an independent assessment of whether the Settling Insurers provided "value".  "A buyer purchases an asset for value when the purchaser pays 75% of the appraised value of the assets."  *In re Fearing*, 143 F. App'x 744, 746 (9th Cir. 2005) (unpublished disposition) (internal citation and quotation marks omitted); *see also Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir. 1985) ("'[V]alue' has repeatedly been defined as 75% of the appraised value of the asset.")  Alternatively, value can be established by an auction.  *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 149 (3d Cir. 1986) (remanding sale to bankruptcy court determine adequacy of sale price).  Neither occurred here.  *See* Dkts. 62; 284.  The purpose of such an independent assessment of the sale price is to eliminate the possibility of collusion between the buyer and the seller. *See In re 240 N. Brand Partners, Ltd.*, 200 B.R. 653, 659 (B.A.P. 9th Cir. 1996) ("'Good faith' encompasses fair value, and further speaks to the integrity of the transaction.'") (quoting *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 842 (Bankr. C.D. Cal. 1991).

However, rather than independently assess the value of the Repurchased Policies, the Bankruptcy Court relied on its impression that, based in part on pre-petition balloting, the

DM1\9203388.2
APPELLANTS' REPLY BRIEF – Page 9
Case No. 3:18-cv-05637-RBL

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001

DM1\9211650.2

"creditors have indicated their support for the Settlement Agreement".[6]  This analysis completely failed to address the value issue and therefore it was clear error for the Bankruptcy Court to determine that the Settlements were not collusive, and hence in good faith.

Moreover, the Bankruptcy Court failed to consider the effect of the Settlements to any other party other than the Non-Settling Insurers and the Debtor's professionals.  *See* Appellants' Opening Br. VI.D.  The Settlements were not in good faith because they take unfair advantage of the Appellants.  Their effect, supplemented by the Bankruptcy Court's injunction of Inter-Insurer Claims, is to absolve the Settling Insurers of their defense and indemnity obligations at a fraction of the likely future cost, by shifting it to Appellants.  Therefore, the Bankruptcy Court's good faith finding was clear error.

### D.    Appellee Waived the Question of Whether Trusts for Asbestos-Related Claims Can Only Be Established Under Section 524(G).[7]

Appellants argue, at length, in their Opening Brief that the Section 105(a) does not grant the Bankruptcy Court the authority issue orders that contravene other sections of the Bankruptcy Code.  Appellant's Opening Br. VI.B.  Appellee responds to this argument only in a short footnote.  Appellee's Br. n. 9.  "Arguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived." *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997); *see Recycle for Change v. City of Oakland*, 856 F.3d 666, 673 (9th Cir.) (deeming that party waived argument raised solely in a footnote).  Hence, Appellee waive further argument on this question.

Simply, the Bankruptcy Code erred in supplanting Section 524(g) with Section 105(a).  Bankruptcy courts may not contravene specific directions enacted by Congress in the Bankruptcy

---

[6]      This, too, was a mistaken conclusion by the Bankruptcy Court.  Rather than solicit the primary creditor body – asbestos claimants – the Debtor solicited plaintiffs' attorneys with a history of asbestos-litigation against the Debtor, each of whom, following confirmation of Debtor's plan, stands to collect at least 25% of the payments made by the Trust.  *See* Dkt. 83.  Even then, the Debtor solicited only fourteen law firms pre-petition, only 3 of which replied.  *Id.* 2:8-10.

[7]      Unless otherwise specified, all statutory references herein are to sections of Title 11 of the United States Code.

DM1\9203388.2
APPELLANTS' REPLY BRIEF – Page 10
Case No. 3:18-cv-05637-RBL

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001

DM1\9211650.2

Code.  *See* Appellants' Opening Br. VI.B.3; *see Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 984 (2017) (noting that Congress would have made an "affirmative indication of intent" to create a "backdoor means" of violating the Bankruptcy Code).

**E.      Appellants Asserted their Breach of Contract Claims on the Record at the Bankruptcy Court Hearing.**

Contrary to Appellee's unsupported assertions, Appellants raised the CSA in their briefs and introduced it into the record.   In their objection to Appellee's motion to approve the Settlements, Appellants argued: "[t]he Opposing Insurers have  .  .  .  a contractual claim for contribution under the Cost Sharing Agreement.  Appellee does not, and cannot, argue that Section 363(f) affords Appellee a means to cut off, or otherwise interfere with, their contractual rights under the Cost Sharing Agreement." Dkt. 134: 2-7.  Appellants reiterated this argument in their joint opposition to the Settlements filed on July 12, 2018.  Dkt. 262 14:4-9.  On July 12, 2018, the Bankruptcy Court allowed Appellants to introduce the CSA into the record under seal.  Dkts. 243, 258; App. Dkt. 23.

Having been briefed on the issue and receiving a copy of the CSA into evidence, the Bankruptcy Court considered the CSA in making its ruling on July 18, 2018.  Dk. 284 3:9-10 ("the Court has considered the contents of the Cost Sharing Agreement.").  Nonetheless, the Bankruptcy Court ruled that the "Cost Sharing Agreement may not act as a bar to Fraser's right to settle its coverage claims." *Id.* 10:19-20.

Thus, not only did Appellants properly make their CSA argument below, but the Bankruptcy Court addressed it in its ruling.  As such, it is properly before this Court on appeal.  For Appellee to contend that Appellants are now, for the first time, raising the CSA is – at best – a careless representation of the Bankruptcy Court proceedings.

**F.      Appellee Mischaracterizes the Breach of Contract Claims under the CSA.**

**1.      The Settling Insurers Breached the CSA by Entering into the Settlements**

DM1\9203388.2
APPELLANTS' REPLY BRIEF – Page 11
Case No. 3:18-cv-05637-RBL

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001

DM1\9211650.2

In Appellants' Opening Brief, Appellants discussed the CSA in the context of: (1) how the Settlements inappropriately cut off Appellants' breach of contract claims against the Settling Insurers for breaching the terms of the CSA by settling with Debtor; and (2) how the Settlements do not adequately protect the Appellants because it requires Appellants to bear costs of defense and indemnity that would otherwise have been distributed amongst all of the CSA's signatories. *See*, *e.g.*, Appellant's Opening Br. 11: 6-18, 27:22-28:3.   Appellee does not respond to *any* of these points, nor could it in any meritorious manner.

The CSA contractually obligates the Settling Insurers to share in the defense and indemnity of Debtor until August 2019**.**  All of the Settling Insurers, aside from Travelers, were parties to the original CSA (2015-2017), and all are parties to the current CSA (2017-2019).   Appellee does not dispute that, by settling with Debtor, the Settling Insurers are breaching the CSA.   Appellee instead contends that the CSA does not provide any assurance that asbestos-related claims will continue to be adequately addressed.   Appellee Br. 5: 3-4; 14:1-5.   Appellee sets forth a purely hypothetical discussion about what might, possibly, theoretically, happen if the CSA were to expire in 2019.[8]   The relevance of that point is lost on Appellants.   The CSA had provided such assurance in the past, and, absent the Settlements, there has never been a supported contention that the CSA would not continue to operate that way.   Even if Appellee's argument were correct (which it is not), that has nothing to do with whether the Settling Insurers breached the CSA.

 Moreover, Appellee's contention that Appellants have offered no proof that the Settling Insurers breached the CSA is incorrect.   Appellee Br. 13:18-19.   Their entry into the Settlements is itself a breach of the CSA.   By conditioning their entry into the Settlements to require the entry of the Section 105 injunctions, the Settling Insurers announced their intention to no longer perform under the CSA (if this incorrect, the Settling Insurers should put this on to the record).   This injunction has no purpose other than to insulate the Settling Insurers from claims arising from the

---

[8]     Appellee provides no evidence or argument regarding the operation of the CSA prior to the Settlements. This omission is illustrative of the fact that the CSA was operating seamlessly since its execution in 2015.

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001

CSA and such breach.  The Settling Parties' refusal to waive the right to seek equitable mootness shows they wish to prevent Appellants from ever litigating such breach.[9]

### 2. The Breach of Contract Claims Are Distinct from the Contribution Claims, are Not Derivative, and Cannot be Enjoined.

Appellee inappropriately conflates Appellants' contribution claims with Appellants' breach of contract claims.  According to Appellee, the CSA creates obligations for the insurers that are equivalent to the contribution obligations that the Settling Insurers would to Appellants have under the Repurchased Policies.  Appellee Br. 14: 1-5.  However, Appellants' breach of contract claims against the Settling Insurers are distinct from their contribution claims, and can arise in situations where contribution claims would not arise.  Appellee's flawed logic ignores the reality that a contract exists, which, upon breach, gives rise to a breach of contract claim.  This is in *addition* to, not the same as, the contribution claims – arising in equity – that Appellants hold absent any contract.  Thus, Appellee's argument that contribution claims are derivative and can therefore be enjoined, *see* Appellee Br. VII.A.1, even if correct (which it is not) has no bearing on the breach of contract claims.  The breach of contract claims arose from the CSA and are wholly independent of Appellee's rights in any insurance policies.

### G. Appellants Are Not Adequately Protected by the Settlement Agreements, the Sales Orders, or Otherwise.

The Inter-Insurer Claims are not interests in Appellee's estate.  However, even if they were, the Bankruptcy Code requires sales free and clear to adequately protect such interests.  11 U.S.C. § 363(e).  Section 363(e) section states:

> (e) Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate

---

[9]   Appellee's statement that "[t]he CSA does not provide the Debtor with any meaningful assurance that asbestos-related claims will be adequately addressed indefinitely" is similarly irrelevant, in that the issue raised by Appellants is not whether Appellee is protected by the CSA, but whether Appellants are,
 in light of the breach of the CSA through the Settlements.  Appellee Br. 5: 3-4

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001

> protection of such interest. This subsection also applies to property that is subject to any unexpired lease of personal property (to the exclusion of such property being subject to an order to grant relief from the stay under section 362).

11 U.S.C. §363(e); *In re Gerwer*, 898 F.2d 730, 733 (9th Cir. 1990) (noting that Section 363(e) imposes on the court a "duty of safeguarding" impaired interest).

Appellants are not adequately protected under Section 363(e). Such adequate protection is required outside of the bankruptcy context as well. *Franklin v. Kaypro Corp.*, 884 F.2d 1222 (9th Cir. 1989). *Kaypro* is clear that adequate protection requires the percentage of liability of non-settling defendants to be limited to their actual percentage of liability. *Id.* Here, prior to the bankruptcy filing the Settling Insurers and the Appellants had agreed by the CSA to limit Appellants' liability to 30% of the total costs of defending and indemnifying each asbestos-related claim. *See* Dkt. 243 (under seal). The Sales Orders come nowhere near meeting that requirement. Rather than limiting Appellants' liability to 30%, the Sales Orders include an illusory judgment reduction clause that applies only to adjudicated claims. Thus, that clause fails to protect Appellants from costs related to defending unmeritorious claims, settlement costs, and when a contribution claim arising from the defense and indemnify of an asbestos-related claim exceeds the amount of a judgment. Based upon past experience, Appellants will not be adequately protected one hundred percent of the of the time.

To illustrate, post-bankruptcy the claims against the Debtor will proceed in the tort system. Presumably, Appellants will defend each such claim rather than face the possibility of uncontested default judgments. There are three possible outcomes for each such claim. First, Appellants prevail on the defense of the claim. In such event, the Appellants have no way to offset their costs of defending such claim because there is no judgment against which their contribution claims may be offset. In this event, they will bear not 30%, but 100% of the liability for the defense of such claim.

Second, the claim might be settled. One hundred percent of claims in the past have been settled. In such event, Appellants will pay not only the defense, but also the settlement payment.

DM1\9203388.2
APPELLANTS' REPLY BRIEF – Page 14
Case No. 3:18-cv-05637-RBL

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001

DM1\9211650.2

There will be no way for the Appellants to offset their liability for the costs of defense and settlement because there is no judgment.  Again, the Appellants will pay not 30%, but 100% of the costs associated with such claim.

Third, the claimant might obtain a judgment against the Appellants.  In such event, the Sales Orders contemplate that Appellants will offset their contribution claims owed by the Settling Insurer against the amount of the judgment.  In such event, but only where the judgment exceeds the amount of the contribution claims, which have both indemnity and defense components, will Appellants be made whole.  Even here, should the amount of the judgment not exceed the amount of their contribution claims, Appellants' percentage of liability will not be limited to their share.

Thus, the judgment reduction provision is, at best, inadequate to protect Appellants' rights. Moreover, the fact that all prior claims have been settled shows that the judgment reduction provision offers no protection whatsoever.

**H.      The Case Law Cited By Appellee Supporting a Sale Free and Clear And Equitable Injunction Outside of Bankruptcy is Inapplicable Under These Facts.**

Appellee cites to two cases, *King Cnty. v. Travelers Indem. Co.*, No. 14-CV-1957 BJR, 2018 WL 1792189 (W.D. Wash. Apr. 16, 2018) and *Canal Indem. Co. v. Global Dev., LLC*, No. 2–14–CV–00823–RSM, 2015 WL 347753 (W.D. Wash. Jan. 26, 2015) to support its argument that applicable Washington State law permitted the sales sale free and clear.  Both are inapposite.

The treatment of non-settling parties in a partial settlement is governed in the Ninth Circuit by *Kaypro Corp.*  In that case, the Ninth Circuit recognized the need for a federal common law governing the treatment of contribution claims in partial settlements.  *Kaypro Corp.*, 884 F.2d  at 1228-29.  It held that a bar order that limits nonsettling defendants' ability to seek further contribution must also limit the subsequent exposure of the non-settling defendants.  *Id.* at 1232. The case primarily relied upon by the Bankruptcy Court and Appellee for the proposition that sales free and clear in the context of a partial settlement are permissible is *King County.*, 2018 WL 1792189.  It failed to adequately address the *Kaypro* standard because in *King County*, no party

DM1\9203388.2
APPELLANTS' REPLY BRIEF – Page 15
Case No. 3:18-cv-05637-RBL

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001

DM1\9211650.2

contested whether the non-settling insurers were adequately protected.  *Id.* at *2 ("The AIG and other non-settling Defendants do not object to the settlements reached between King County and the moving parties[.]").   However, "[t]he limit must be the nonsettling defendants' actual percentage of liability for the amount of total damages determined at trial."  *Kaypro Corp.*, 884 F.2d at 1232.

Moreover, first, as Appellants have shown, the Bankruptcy Court did not have jurisdiction over the Inter-Insurer Claims.  *See* II.A., *supra*; Appellants' Opening Br. VI.A.  In each of the cases cited by Appellee, the enjoined insurers were defendants in actions proceeding in those courts.  *See King Cty.*, 2018 WL 1792189, at *1 ("In late 2014, King County filed this lawsuit against Travelers Indemnity Co. and a number of other insurers."); *Canal Indem. Co.*, 2015 WL 347753 at *1.  As defendants in the action, their contribution claims were subject to the enjoining court's jurisdiction.  In contrast, the Bankruptcy Court did not have the requisite jurisdiction and was powerless to affect Appellants' rights.

Second, each of the cited cases addressed a claims settlement.  Contrary to Appellee's assertions, neither concerned a buyback of the insured's remaining policy rights.  *King Cty.*, 2018 WL 1792189, at *1 ("In 2017, the two moving insurers reached settlements with King County.  Great American agreed to pay King County $800,000 in exchange for full release of all claims against it; Zurich agreed to pay King County $1.6 million in exchange for full release of claims against it."); *Canal Indem. Co.*, 2015 WL 347753, at *1 ("This is an insurance coverage action brought by Canal and consolidated with a related coverage action by Plaintiff[.]").

Third, to the extent that such cases authorized an injunction of contribution claims without limiting the non-settling insurers' liability, they contravened the controlling Ninth Circuit authority.  *See Kaypro Corp.*, 884 F.2d at 1232.

Fourth, in none of the cited cases was there a contract, like the CSA, among the settling and non-settling insurers, which apportioned liability.  Thus, any contention that it is impossible to apportion liability in the absence of a judgment is simply inapplicable here.

DM1\9203388.2
APPELLANTS' REPLY BRIEF – Page 16
Case No. 3:18-cv-05637-RBL

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001

DM1\9211650.2

Fifth, the cited cases are irrelevant because even if the Inter-Insurer Claims were interests in Appellee's property (which they are not), Appellants are not adequately protected. Section II.G, *supra*. Moreover, despite the cited cases, outside of bankruptcy, controlling authority dictates that in the event of a partial settlement, the liability of the non-settling parties cannot be increased. *Kaypro Corp.*, 884 F.2d at 1232. To the extent the cited cases increased the liability for the non-settling insurers, they are contrary to such authority.

## I. Appellee's Arguments Supporting the Injunction Are Incorrect and Based on Inapposite Case Law.

The cases that Appellee cites to support the Bankruptcy Court's issuance of the Section 105 injunction are neither applicable nor persuasive. The factors used by *In re Dow Corning Corp.*, 198 B.R. 214 (Bankr. E.D. Mich. 1996) for the imposition of Section 105 injunctions are not followed within the Ninth Circuit.[10] Moreover, controlling authority specifies that the *Dow Corning* factors do not apply in asbestos-related bankruptcies. *Fireman's Fund Ins. Co. v. Plant Insulation Co. (In re Plant Insulation Co.)*, 734 F.3d 900, 912 (9th Cir. 2013). *In re Sunland, Inc.*, No. 13-13301-tr7, 2014 WL 7011747, at *5 (Bankr. D. N.M. Dec. 11, 2014), which relies on *Dow Corning*, is similarly inapposite. Moreover, *Sunland* enjoined claims seeking proceeds of insurance policies and would have reduced the available limits of such policies. The Inter-Insurer Claims do not seek such proceeds and would not impair the limits of coverage available to the Debtor.

In *In re Roman Catholic Bishop of Stockton*, No. 14-20371, 2017 Bankr. LEXIS 102 (Bankr. E.D. Cal. Jan. 10, 2017), the bankruptcy court entered an order confirming an uncontested plan with no asbestos claims. It cannot be argued to stand for anything much other than that, when all the parties consent, the Bankruptcy Court will effectively have wide latitude to confirm a

---

[10]    *See Plant, supra*; *Meritage Homes of Nev., Inc. v. JPMorgan Chase Bank, N.A. (In re South Edge LLC)*, 478 B.R. 403, 414 (D. Nev. 2012); *In re City of San Bernardino, California*, 566 B.R. 46, 52 (Bankr. C.D. Cal. 2017); *Homestead Holdings, Inc. v. Broome & Wellington (In re PTI Holding Corp.)*, 346 B.R. 820, 826 n. 5 (Bankr. D. Nev. 2006).

DM1\9203388.2
APPELLANTS' REPLY BRIEF – Page 17
Case No. 3:18-cv-05637-RBL

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001

DM1\9211650.2

plan.  Here, there were objections.  Similarly, in *Plant*, there was no objection to the imposition of a Section 105 injunction.  Hence the Bankruptcy Court's order approving that settlement cannot conceivably be argued as endorsing such an injunction over objection and hence its legal validity.[11]  ***Moreover, Plant did not enjoin contribution claims***:

> Subject to the terms of the Plan and the Confirmation Order, **no rights or defenses that any Non-Settling Asbestos Insurer has or may have against U.S. Fire** under any theory of contribution, reimbursement, subrogation and/or indemnification, **including but not limited to Contribution Claims, are or shall be deemed "interests"** subject to sale, release or impairment for purposes of this Order and Section 363 of the Bankruptcy Code.

*Plant*, at *3 (emphasis added).  Similarly, *Thorpe*, *appeal dismissed*, 2010 WL 3199821 (9th Cir. Mar. 5, 2010) is persuasive, but on behalf of Appellants, not Appellee.  That order also specifically carved out insurers' contribution rights from its injunctive effect.  Case No. 07-19271, ECF No. 1676.  It states:

> Nothing in this Order shall be deemed to terminate, enjoin, impair, alter, modify, release or limit in any way any contribution, reimbursement and/or indemnification claims that any and all non-settling insurers of the Debtors have, or may have, against General (collectively, the "Contribution Claims").

*Id*. at 2.[12]  To argue that the *Plant* and *Thorpe* orders stand for the proposition that the Bankruptcy Court properly enjoined the Inter-Insurer Claims is wrong.

   *In re United Gilsonite Labs.*, No. 5:11-bk-02032-RNO, 2014 WL 7778849, at *5 (Bankr. M.D. Pa. Dec. 8, 2014) is simply another uncontested settlement motion, of no legal significance whatsoever.  Moreover, as in *Plant*, the Section 105 injunction supplemented rather than Supplanted the section 524(g) injunction.  *In re Burns & Roe Enters., Inc.*, No. 00-41610RG (Bankr. D. N.J. Feb. 17, 2005), ECF. No. 1200, should not in any way be persuasive.  First, it is

---

[11]   Notably, in *Plant*, a Section 524(g) injunction was entered; the Section 105 injunction supplemented that injunction it did not supplant it.  There will be no Section 524(g) injunction here.

[12]   *See also Nat'l Fire Ins. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 393 F. App'x 467, 469 (9th Cir. 2010) ("As the district court pointed out, nothing in the settlement agreements even *purported* to release claims of any third parties. Moreover, the bankruptcy court's Approval Orders contained clauses stating that '[n]othing in this Order shall terminate, enjoin, impair, alter, modify, release or limit in any way any contribution, reimbursement and/or indemnification claims that any and all non-settling insurers of the Debtors have, or may have,' against the Settling Insurers.")

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001

from the Third Circuit, which does not follow the Ninth and Tenth Circuit's blanket prohibitions on Section 105 injunctions.  Moreover, the Bankruptcy Court for the District of New Jersey did not follow the Third Circuit's own requirements for issuing a Section 105 injunction.  While the Third Circuit has not decided whether to endorse Section 105 injunctions, it has established minimum criteria for approving such injunctions, and the New Jersey Bankruptcy Court did not even attempt to satisfy such criteria.  *See, e.g., Gillman v. Continental Airlines (In re Continental Airlines)*, 203 F.3d 203 (3d Cir. 2000) (stating that findings about the necessity of the non-debtor release to the reorganization, additional compensation to the tort claimants from the protected parties, channeling of the enjoined claims to separate assets, and a finding that such injunction was fair and equitable were all necessary to justify the extraordinary remedy of enjoining claims between non-debtors).  None of these findings were made by the Bankruptcy Court in *Burns & Roe*.  Given that the Bankruptcy Court did not even comply with the controlling precedent of its own Circuit, let alone follow the Ninth Circuit standard set forth in *American Hardwoods* and *Lowenschuss*, there is no reason to think that it is more persuasive than controlling Ninth Circuit authority prohibiting such injunctions.

## J. Appellee's Analysis of *American Hardwoods* And *Lowenschuss* Is Incorrect.

As an initial matter, Appellee's analysis of *American Hardwoods* and *Lowenschuss* is wrong because the case that it relies upon to support its analysis has never been tested on appeal.  *See Blixseth v. Yellowstone Mt. Club, LLC*, 742 F.3d 1215, 1218 n.1 (9th Cir. 2014) ("the district court held that [appellant] lacked appellate standing to challenge the bankruptcy court's ruling because he no longer claimed to be an unsecured creditor and thus had no interest in the Plan.")  *Sumpter v. Yellowstone Mt. Club, LLC*, 584 F. App'x 676, 676 (9th Cir. 2014) (holding appellant had waived the Section 105 objection because he had not raised it with respect to a previously approved plan).  Moreover, exculpation clauses, like those at issue in *Yellowstone Mt. Club*, "must be limited to the fiduciaries who have served during the chapter 11 proceeding: estate professionals, the Committees and their members, and the Debtors' directors and officers." *In*

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001

*Nat'l Heritage Found., Inc.*, 478 B.R. 216, 233 (Bankr. E.D. Va. 2012) (citing *Yellowstone Mt. Club*).  Moreover, such provisions are "limited to acts or omissions taken in connection [with] the bankruptcy case itself."  *Id. at* 234.  The Settling Insurers are not fiduciaries of the Debtor's estate during the Debtor's bankruptcy case, nor is the Section 105 injunction limited to claims arising during the Debtor's bankruptcy case, but extends forward in time, forever.

Moreover, there do not appear to be any reported decisions whatsoever in the Ninth Circuit mentioning either *American Hardwoods* or *Lowenschuss* and issuing a permanent injunction of claims between non-debtor third parties.  It is notable that both the *Thorpe* and *Plant* decisions, discussed above and relied upon by Appellee, explicitly excluded such claims between insurers from their injunctive effect.

### III.   <u>CONCLUSION</u>

WHEREFORE, Appellants respectfully request that the Court grant their appeal and reverse the Sales Orders.

Dated:  December 4, 2018

| | |
|---|---|
| _/s/ Aron M. Oliner_ | _/s/ Michael M. Feinberg_ |
| Aron M. Oliner, Attorneys for Appellant Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies | Michael M. Feinberg, Attorneys for Appellant National Union Fire Insurance Company of Pittsburgh, PA |
| | |
| /s/ Jessica A. Bohl | Michael M. Feinberg, WSBA #11811 |
| Jessica A. Bohl, WSBA #47729 | Karr Tuttle Campbell |
| Aron M. Oliner (*pro hac vice*) | 701 Fifth Avenue, Suite 3300 |
| Dominica C. Anderson (*pro hac vice*) Duane Morris LLP | Seattle, WA  98104 |
| One Market Plaza, Suite 2200 | Telephone:  206.223.1313 |
| San Francisco, CA  94105-1127 Telephone: 415.957.3000 | Facsimile:  206.682.7100 |
| Facsimile:  415.957.3001 | Email:  mfeinberg@karrtuttle.com |
| Email:  JABohl@duanemorris.com | |
| | |
| Russell W. Roten (*pro hac vice*) | |
| Jeff D. Kahane (*pro hac vice*) | |
| Duane Morris LLP | |
| 865 S. Figueroa St., Suite 3100 | |

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001

1

Los Angeles, CA 90017-5450
Telephone:  213.689.7400
Facsimile:  213.689.7401

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DM1\9203388.2
APPELLANTS' REPLY BRIEF – Page 21
Case No. 3:18-cv-05637-RBL

Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001

DM1\9211650.2